AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| MICHAEL JOHN CEFOLA | ) | Case No.   15-6138-Snow |
| and ANIBAL PENDAS, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___April 13, 2015 - April 15, 2015___ in the county of _____Broward_____ in the

___Southern___ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 846 | The defendants, MICHAEL JOHN CEFOLA and ANIBAL PENDAS, did knowingly and willfully combine, conspire, confederate, and agree with each other to possess with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846. Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

JESSE RICKS, DEA SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___04/16/2015___

_____
*Judge's signature*

City and state: ___Fort Lauderdale, Florida___

LURANA S. SNOW, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, Jesse Ricks, being duly sworn, depose and state as follows:

## AGENT BACKGROUND

1.     I have been a Special Agent with DEA since February 2012.  I am currently assigned to the West Palm Beach District Office, Enforcement Group Three. Among other duties, I am now responsible for the instant investigation.  During my employment with the DEA, I have participated in numerous narcotics and money laundering investigations during the course of which I have conducted physical and wire surveillance, executions of search warrants, and reviews and analyses of taped conversations and records of drug traffickers. Through my training, education, and experience, which has included debriefing cooperating drug traffickers, monitoring wiretapped conversations of drug traffickers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking, I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, and the efforts of persons involved in such activity to avoid detection by law enforcement, as well as methods used to finance drug transactions and launder drug proceeds.  I am also aware that drug traffickers often speak in guarded or coded language when discussing their illegal business in an effort to further prevent detection.  Prior to my employment with DEA, I was employed as a Revenue Officer with the Internal Revenue Service (IRS).  As a Revenue Officer with the IRS, I was responsible for collecting delinquent tax returns and unpaid taxes.  During my employment as a Revenue Officer I conducted numerous financial investigations.

**FACTS**

2.     Your affiant makes this affidavit based on information known to him personally, upon information obtained from other law enforcement officers, and information obtained from witnesses.  The following information contained in this affidavit does not contain all facts and information regarding the investigation described hereafter.  Instead, the information contained in this affidavit is for the limited purpose of establishing probable cause to believe that MICHAEL JOHN CEFOLA and ANIBAL PENDAS did knowingly and willfully combine, conspire and agree with each other to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846.

3.     On April 13, 2015, a Fort Lauderdale Police Department (FLPD) Confidential Source ("CS") contacted an investigator and informed him of the following. According to the CS, Michael CEFOLA arrived at the CS' residence unannounced. While at the CS' residence, CEFOLA indicated that his (CEFOLA's) cocaine source of supply would be able to provide CEFOLA and the CS with a kilogram of cocaine the following day if CEFOLA and the CS were able to provide payment for the cocaine.  The CS advised CEFOLA that he/she would be able to obtain money the following day. CEFOLA indicated the two would only need to initially come up with approximately half of the money owed and that the full price of the kilogram of cocaine would be $34,000.

4.     The following day, April 14, 2015, at approximately 11:40 am, the CS placed a recorded call to CEFOLA to inquire about the delivery of the cocaine.  During the call, CEFOLA stated "Uh he told uh, well let's have lunch uh tomorrow at one hundred percent" the CS later responded "now we're not even having lunch?" and CEFOLA stated "No we can't go to lunch today, uh but one hundred percent tomorrow".

The CS advised investigators that CEFOLA was speaking in code and was advising the CS that the source of supply would deliver the cocaine the following day.

5.      Shortly after, at approximately 11:49 am, the CS placed a recorded call to CEFOLA.  During the call, the CS asked if he/she could come by CEFOLA's residence to meet with CEFOLA and CEFOLA agreed.

6.      Investigators searched the CS and the CS' vehicle for narcotics, currency, and weapons with negative results and equipped the CS with an audio/video recording device.  The CS travelled to CEFOLA's residence and met with CEFOLA in the driveway of the residence.  During the brief meeting, CEFOLA explained to the CS that CEFOLA spoke to the source of supply yesterday (April 13) and the source indicated that cocaine was available and CEFOLA was adamant they wanted the cocaine.  CEFOLA further explained he spoke with the source of supply today (April 14) and the source indicated he would provide the cocaine the following day (April 15).  CEFOLA then stated "Maybe I jumped again, but I jumped only 'cause the last time we missed out." The CS then departed the residence.  The CS informed investigators that CEFOLA was indicating that his source of supply would be bringing the cocaine the following day (April 15).

7.      On April 15, 2015, at approximately 10:56 am, the CS sent a text message to CEFOLA that read "Yo" to inquire about the pending cocaine deal and CEFOLA responded "Soon".   At approximately 11:40 am investigators were conducting surveillance at the apartments located at 750 NW 13th Avenue in Miami, Florida. Investigators observed a Hispanic male, later identified as ANIBAL PENDAS, at a silver Honda Civic bearing Florida license plate CLXR51.  Florida license plate CLXR51 is registered to Maria Eugenia Pendas.  Investigators observed PENDAS place a semi clear

shopping bag into the trunk of the Civic, enter the vehicle, and depart. The bag was shaped in a manner indicating it contained object(s). Investigators followed PENDAS to a Shell gas station. Shortly after, investigators observed PENDAS depart from the Shell gas station. Investigators continued mobile surveillance of PENDAS as he travelled from the gas station to Interstate 95 where he travelled north and exited onto Commercial Boulevard in Fort Lauderdale, Florida. At approximately 12:24 pm, investigators observed PENDAS arrive and park in front of the CS' residence with the vehicle facing north. Investigators observed PENDAS exit the vehicle, walk to the rear of the vehicle, and retrieve from the trunk a semi clear plastic shopping bag shaped in a manner consistent with having a weighted object(s) inside. PENDAS then walked up the stairs located in the center of the apartment building to the second floor.

8.      Seconds later, via a live audio feed from inside the apartment, investigators heard the CS speaking with PENDAS. It should be noted that prior to this, the CS and the CS' apartment were searched for narcotics, weapons, and bulk currency with negative results. The CS was also equipped with a covert audio/video recording device and provided with $12,000 of investigative funds. PENDAS asked the CS where the other person was. Your affiant believes that PENDAS was asking the CS where Michael CEFOLA was. A few minutes later at approximately 12:27 pm, investigators observed a white Mercedes Benz sedan arrive and park next to the Honda Civic that PENDAS arrived in. Michael CEFOLA exited the Mercedes and walked up the steps at the center of the apartment and entered the CS' apartment. Investigators, via the live audio feed from inside the apartment, heard the CS and PENDAS speaking with CEFOLA.

9.     Throughout the meeting between the CS, PENDAS and CEFOLA, investigators heard conversations consistent with a drug transaction.   Specifically, investigators heard PENDAS make statements that indicated he had the ability to obtain another kilogram of cocaine to sell.  Investigators heard: conversation consistent with the inspection of cocaine, discussion of the price of the cocaine and discussion of payment (including the counting of money).   At approximately 12:41 pm the conversation indicated the meeting was nearly over and the CS indicated he would place the cocaine in the oven until later.

10.     At approximately 12:42 pm, CEFOLA and PENDAS exited the CS' residence, walked down the center steps of the apartment building, and were taken into custody in the parking lot without incident.  PENDAS was carrying a semi clear shopping bag that he dropped on the ground during his apprehension.  Investigators recovered the bag which contained the $12,000 of investigative funds previously provided to the CS and the additional ~~$5,000~~ currency provided as payment for the cocaine by CEFOLA. Investigators then entered the CS' apartment and recovered approximately one kilogram of a substance from inside the oven.  Investigators field tested the substance.   It was positive for cocaine.

5

11.     Based on the foregoing, your affiant submits that probable cause exists to believe that MICHAEL JOHN CEFOLA and ANIBAL PENDAS did knowingly and willfully combine, conspire and agree with each other to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846.  Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Jesse Ricks
Drug Enforcement Administration

Sworn and subscribed before
me this 16th day of April 2015,
in Fort Lauderdale, Florida.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

6